UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| VICKI BILLUPS, ELLA MCSHAN, ROBBIE GAMBLE and PEARL MIMS   Plaintiffs,   vs.   FIRST TRANSIT, INC.,   Defendant. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | 7:09-CV-1304-LSC |

MEMORANDUM OF OPINION

I.   Introduction.

Before this Court is a motion for summary judgment on Plaintiff Ella McShan's monetary claims filed by First Transit, Inc., ("First Transit" or "Defendant") on April 23, 2010.  (Doc. 17.)  McShan alleges that First Transit, who had employed her as a bus driver, racially discriminated against her and retaliated against her, violating 42 U.S.C. § 2000 *et seq*. and 42 U.S.C. § 1981.   In its motion for summary judgment, First Transit argues that McShan is judicially estopped from asserting her current monetary claims because she did not disclose any claims against First Transit as potential assets in her ongoing bankruptcy action.  The issues raised in

Defendant's motion for summary judgment have been briefed by both parties and are now ripe for decision. After considering the legal arguments and evidence presented, this Court denies Defendant's motion for summary judgment.

II.     Facts.[1]

On February 17, 2009, McShan filed a Chapter 13 Bankruptcy Petition in the Northern District of Alabama. As part of the petition, she had to list all potential assets, including contingent claims and all suits and administrative proceedings to which she was a party in the year preceding her bankruptcy filing. She listed no claims, suits, or proceedings. A month later, she attended her meeting of creditors as required by 11 U.S.C. § 341. At this meeting, she testified under oath that she was a party to an Equal Employment Opportunity Commission ("EEOC") discrimination action against First Transit. (Pl. Ex. B.) The bankruptcy court confirmed McShan's Chapter

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

13 plan on May 26, 2009. McShan then joined this action on July 27, 2009, seeking monetary damages and injunctive relief. After First Transit filed its motion for summary judgment, McShan amended her bankruptcy filings to include these claims against First Transit.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the

court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

First Transit argues that McShan should be judicially estopped from asserting her current monetary claims because she failed to timely inform the bankruptcy court of their existence. Judicial estoppel prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes v. Pemco*

*Aeroplex, Inc.*, 291 F.3d 1282 , 1284 (11th Cir. 2002). This equitable doctrine protects the integrity of the judicial process rather than a defendant. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003). Two factors predominate in applying judicial estoppel. *Id.* First, the "allegedly inconsistent positions must have been 'made under oath in a prior proceeding.'" *Id.* (quoting *Burnes*, 291 F.3d at 1284). And second, the party must have intended to "make a mockery of the judicial system." *Salomon Smith Barney, Inc. v. Harvey*, 260 F.3d 1302, 1308 (11th Cir. 2001). Other factors depend on a court's inquiring into the specific circumstances of each case. *Barger*, 348 F.3d at 1294.

The parties do not dispute that McShan submitted her bankruptcy filings under oath. (Doc. 19, at 2.) Neither do they dispute that McShan failed to list her monetary claims in her bankruptcy filings—as required—until after First Transit filed the present motion. (Doc. 19, at 7.) Rather, the issue is her intent.

"For the purposes of judicial estoppel, intent is a purposeful contradiction—not simple error or inadvertence." *Barger*, 348 F.3d at 1294. If the debtor has a motive to conceal the claims, a court can infer intent

from the record.  *Id.*  For instance, in bankruptcy a financial benefit can result from hiding assets, creating a motive to conceal contingent claims. *See De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003).

McShan contends that by disclosing the EEOC action at the creditors' meeting and amending her bankruptcy filings to reflect the current claims she has demonstrated a lack of intent.  (Doc. 19, at 7.)  First Transit responds by arguing that disclosing the presence of claims at a creditors' meeting and amending the bankruptcy filings after its current motion are insufficient.  (Doc. 27, at 4-5.)  Defendant argument relies on *Burnes and Barger* in particular.

Though McShan's amending her bankruptcy filings fails to cure the earlier non-disclosure, she did not have the requisite intent to mock the judicial process because she did not try to hide her claims.  At the creditors' meeting, McShan testified to the trustee and all present creditors that she had an EEOC action against First Transit.  EEOC proceedings can provide the monetary relief she seeks now.  *See*  42 U.S.C. § 2000e-5(e)(1)(B).   The trustee affirms that he recommended the subsequent confirmation of

McShan's Chapter 13 Bankruptcy Plan with full awareness of her EEOC action. (Pl. Ex. B, at 2.)  If McShan intended to conceal this potential monetary judgment from creditors and derive financial benefit from the failure to list contingent claims, she would not have disclosed the pending EEOC action to the trustee, who can object to her plan, oppose her discharge from bankruptcy, and furnish the information to all her creditors  *See* 11 U.S.C. §§ 704, 1302; *see also In re Stevens*, 130 F.3d 1027, 1031 (11th Cir. 1997) (noting the trustee's "statutory obligation to make payments to creditors. . . ."); *In re Overbaugh*, 559 F.3d 125, 128 (2d. Cir. 2009) (noting that a Chapter 13 Trustee represents the interests of unsecured creditors). McShan, moreover, does not stand to benefit from her failure to disclose the contingent claims; the trustee was aware of the claims, removing the practical benefit of hiding them.  In sum, McShan did not have the necessary intent to conceal her monetary claims.

Defendant nonetheless suggests that *Burnes* and *Barger* dictate a different result and that McShan's testimony to the trustee is not notice to her creditors.  In *Burnes,* the 11th Circuit affirmed a grant of summary judgment on plaintiff's monetary claims because he did not disclose the

claims in his Chapter 7 bankruptcy. 291 F.3d at 1288. Plaintiff argued, in part, that he should be able to reopen his case and amend his filings to reflect his monetary claims, which would then eliminate the first factor in the judicial estoppel analysis. *Id.* The court rejected that argument. *Id.*

In *Barger*, the 11th Circuit also affirmed a grant of summary judgment on plaintiff's monetary claims because she did not adequately disclose her discrimination claims during Chapter 7 bankruptcy. 348 F.3d at 1297. Unlike in *Burnes*, the plaintiff alerted the trustee during the creditors' meeting and reopened the bankruptcy estate to include her claims. *Id.* at 1296-97. The court found little value in these remedial measures—the first because the plaintiff informed the trustee that her discrimination suit was for injunctive relief, without monetary value, the second because she reopened the bankruptcy estate only after defendant filed its motion. *Id.* at 1297.

Neither *Burnes* or *Barger* dictate that this Court must apply judicial estoppel. Judicial estoppel is a flexible doctrine requiring an inquiry into all of a particular case's circumstances. *See Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006). Here, McShan did not have the

requisite intent, illustrated by the lack of potential financial gain. Unlike the plaintiff in *Burnes*, McShan did more than just attempt to amend her bankruptcy filings. And unlike the plaintiff in *Barger*, McShan disclosed that she had EEOC discrimination claims to the trustee without suggesting that the claims had no monetary value.

Finally, notice to the creditors or the bankruptcy court is immaterial. This court first notes that all creditors attending the meeting received notice of the contingent asset. Second, judicial estoppel hinges on the debtor's intent, not notice to creditors. *See Barger*, 348 F.3d at 1294. McShan did not have that intent.

V. Conclusion.

For the reasons set forth above, Defendant's motion for summary judgment will be denied. A separate order will be entered.

Done this <u>27th</u> day of September 2010.

                                                                          L. SCOTT COOGLER
                                                UNITED STATES DISTRICT JUDGE