FILED
2011 Mar-30 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VICKI BILLUPS, ELLA MCSHAN, ROBBIE GAMBLE and PEARL MIMS, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST TRANSIT, INC., <br><br> Defendant. | 7:09-CV-1304-LSC |

MEMORANDUM OF OPINION

I.   Introduction.

Pending is Defendant First Transit's motion for summary judgment on the monetary claims of Plaintiffs Billups and Gamble, filed on February 15, 2011. (Doc. 44.)  Billups and Gamble allege that First Transit, who had employed them as bus drivers, racially discriminated and retaliated against them, violating 42 U.S.C. § 2000 *et seq*. and 42 U.S.C. § 1981.   In its motion for summary judgment, First Transit argues that Billups and Gamble are judicially estopped from asserting their monetary claims because they did not disclose the claims as potential assets in their ongoing bankruptcy actions.  The issues raised in Defendant's motion for summary judgment have

been briefed by both parties and are now ripe for decision. After considering the presented evidence and legal arguments, the Court grants Defendant's motion for summary judgment.

II.     Facts and Procedural History.[1]

On July 19, 2005, Gamble filed her Chapter 13 bankruptcy petition, which the bankruptcy court confirmed on September 12, 2005. Billups filed this case on July 30, 2009. Two weeks later, she filed her Chapter 13 petition on July 14, 2009, having it confirmed the same day. By filing her bankruptcy petition, Billups represented that she had no contingent or unliquidated claims and that she had not been a party to any suits or administrative proceedings within the previous year. Finally, on August 4, 2009, Gamble entered this lawsuit without amending her bankruptcy filings to disclose this lawsuit.

On April 23, 2010, First Transit filed a motion for summary judgment

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

on the claims of Billups, Gamble, and McShan. (Doc. 17.) Counsel then reported that Billups and Gamble had settled their claims. (Doc. 18.) Billups and Gamble later sought to continue litigating, contending the settlement was invalid. First Transit moved to enforce the settlement, which this Court denied. (Doc. 42.) The Court, meanwhile, denied First Transit summary judgment on McShan's monetary claims because she disclosed her monetary claims at her creditor meeting. (Doc. 36.) First Transit now renews its motion for summary judgment on the claims of Billups and Gamble. (Doc. 44.)

III. Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

First Transit argues that judicial estoppel should prevent Billups and Gamble from asserting their monetary claims in this action because they represented to the bankruptcy court that they had no claims. Judicial estoppel prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002). This equitable doctrine protects the integrity of the judicial process rather than a party. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003). Because judicial estoppel protects the process, not a specific party, the one asserting the doctrine need not show that it detrimentally relied on the other party's previous assertions or even that it was involved in the previous proceeding. *Burnes*, 291 F.3d at 1286.

Bankruptcy proceedings require "[f]ull and honest disclosure" to function effectively. *Burnes*, 291 F.3d at 1286. This duty to disclose "applies to proceedings under Chapter 13 and Chapter 7 alike [and] is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend her financial statements if

circumstances change."[2] *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). A debtor seeking bankruptcy's protection must thus disclose to the bankruptcy court all assets, including the debtor's legal claims and any assets acquired while the bankruptcy case is pending. 11 U.S.C. § 521(a)(1)(B)(i); 11 U.S.C. § 541(a)(7); *Robinson*, 595 F.3d at 1274.

Two factors predominate in applying judicial estoppel in a bankruptcy context. *Barger*, 348 F.3d at 1293. First, the "allegedly inconsistent positions must have been 'made under oath in a prior proceeding.'" *Id* (quoting *Burnes*, 291 F.3d at 1284). Second, the inconsistencies must result from "intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286. But other considerations also exist, making the specific circumstances of each case important in deciding whether to apply judicial estoppel. *Barger*, 348 F.3d at 1294.

The parties do not dispute that Billups and Gamble submitted their

---

[2]Plaintiffs' counsel contends that "district courts have only applied judicial estoppel in instances of bankruptcy filings when the bankruptcy was filed after the civil lawsuit was initiated." Counsel is wrong. *See, e.g. Burnes*, 291 F.3d at 1284 (affirming district court's grant of summary judgment on monetary claims when plaintiff filed for bankruptcy in 1997 and filed a civil lawsuit in 1999, but never disclosed the lawsuit); *Robinson*, 595 F.3d at 1272 (affirming district court's grant of summary judgment when plaintiff filed for bankruptcy in 2002 and filed a civil lawsuit in 2006, but never disclosed the lawsuit.)

bankruptcy filings under oath.  Neither do they dispute that they "failed to disclose the civil action to the bankruptcy [court]." (Doc. 23 at 2.) Rather, the issue is their intent.

"[D]eliberate or intentional manipulation can be inferred from the record," when the debtors have "knowledge of the undisclosed claims and motive for" concealing them. *Burnes*, 291 F.3d at 1287; *Barger*, 348 F.3d at 1294.  Neither party disputes that she had knowledge of the present monetary claims against First Transit while in bankruptcy.  (Docs. 23-2 at 1; 23-1 at 1.)[3]  Motive then becomes the determining factor.

Potential settlement proceeds arriving from an undisclosed claim suggest a motive to conceal.  *See Robinson*, 595 F.3d at 1276 ("[Plaintiff] had a motive to conceal her claims in order to keep any settlement proceeds.")  Billups and Gamble declared few personal assets when they entered bankruptcy.  (Doc. 17-2 at 14; Doc. 17-5 at 8.)  Though Plaintiffs have not settled their cases, they were negotiating a settlement.  (Doc. 39

---

[3]Plaintiffs' counsel does state that "Equitable Estoppel should only be applied in cases where the Plaintiff has knowledge of the civil proceedings."  (Doc. 46 at 5.) Plaintiffs' counsel also states that "[o]ne Plaintiff, Vicki Billups, had no knowledge of a filed lawsuit."  (Doc. 46 at 4.)  The Court is unsure how a name plaintiff would have no knowledge of her own lawsuit.  Billups, in any event, does not suggest that she lacked knowledge of the civil lawsuit in her declaration.  (Doc. 23-2 at 1.)

at 37-38.)  If Billups and Gamble had settled without amending[4] their bankruptcy filings, they would have received additional funds not subject to the bankruptcy estate.  Gamble and Billups would have received additional assets without subjecting their confirmation plans to modification reflecting the increased assets.  They could have kept the settlement for themselves, denying their "creditors a fair opportunity to claim what was rightfully theirs." *Robinson*, 595 F.3d at 1276. Their efforts thus suggest a motive to conceal.

Plaintiffs nevertheless blame their attorneys "who ultimately had this power" to alert the bankruptcy court.  (Doc. 46 at 5.)  Billups filed her civil lawsuit on June 30, 2009; she declared under penalty of perjury on July 14, 2009, that she had no monetary claims when she filed her bankruptcy case. Despite attesting herself that she had no claims, Billups avers that her civil lawyer never informed the bankruptcy court.  Gamble states that she

---

[4]Plaintiffs' counsel suggested in July 2010, that he would amend Plaintiffs' bankruptcy filings to disclose the contingent claim.  (Doc. 23 at 3.)  He never confirmed his doing so.  Regardless, Plaintiffs' counsel concedes that "courts have frowned on Bankruptcy Petitions being amended after the fact . . . ."  (Doc. 23 at 3.)  Counsel is correct.  *See, e.g.*, *Burnes*, 291 F.3d at 1288 ("Allowing [Plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary . . . . would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.") Whether Plaintiffs' counsel did amend the filings is immaterial to judicial estoppel.

informed her bankruptcy attorney of her later-filed civil lawsuit, but that neither of her attorneys took the necessary steps. (Doc. 23-1 at 1.)

The conduct of Plaintiffs' previous counsel—whatever it may have been—does not prevent judicial estoppel. Dismissal is appropriate even as a penalty for "unexcused" conduct by an attorney. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). The Eleventh Circuit stated the following in *Link*: "If an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Barger*, 348 F.3d at 1295. This Court agrees with the Eleventh Circuit. Plaintiffs cannot blame previous counsel for their nondisclosure.

V. Conclusion.

For the reasons set forth above, judicial estoppel is appropriate on the monetary claims of Plaintiffs Billups and Gamble. Plaintiffs retain their claims for injunctive relief—reinstatement for example—because those claims do not affect the value of the bankruptcy estate. The Court thus

GRANTS Defendant's motion for summary judgment. (Doc. 44.) A separate order will be entered.

  Done this 30th day of March 2011.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
159890